IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GILBERTO ATANACIO, *et al.*<br>　　　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>CEMAKS INDUSTRIAL, INC., *et al.*<br>　　　　　　　　　　Defendants. | Civil No.:  5:25-cv-03910-JMG |

MEMORANDUM OPINION

**Gallagher, J.**                                                                                     **October 21, 2025**

### I.      OVERVIEW

Plaintiffs Gilberto Atanacio and Lourdes Castillo Valentin ("Plaintiffs") claim that a thermoforming machine manufactured by Defendant CEMAKS Industrial, Inc. ("CEMAKS" or "Defendant") suddenly and without warning reactivated, which caused the machine to "clamp down" on his hand, sealing it to approximately 120 degrees for nearly two minutes. In the process of freeing his hand, and from the heated clamp, Plaintiff Gilberto Atanacio suffered painful, permanent, and debilitating injuries. CEMAKS removed this case to federal court on the basis of diversity jurisdiction alleging that Plaintiffs failed to properly effect service of process upon CEMAKS pursuant to the Hague Convention and thus, removal is timely pursuant to 28 U.S.C. § 1446(b). Now, Plaintiffs have moved to remand the case to the Philadelphia County Court of Common Pleas claiming that service was proper, and therefore removal is untimely. Seeing as service on CEMAKS was proper, this Court grants remand back to the State Court.

### II.     BACKGROUND

Plaintiffs filed this action against CEMAKS and other defendants on February 27, 2025, in the Philadelphia Court of Common Pleas. Ex. A, ECF No. 1 at p. 1. The Complaint alleges that

1

Mr. Atanacio worked at Ecopax, LLC ("Ecopax") in Easton, Pennsylvania. *Id*. at ¶ 6. Ecopax manufactures food and beverage containers including takeout containers, food trays, cups, and bags. *Id*. at ¶ 5. Ecopax's products are manufactured on a CEMAKS thermoforming machine. *Id*. at ¶ 6. Frequently, when plastic items are being made on the CEMAKS machine, extra plastic builds up. *Id*. at ¶ 7. When this occurs, an alarm is triggered, and the machine stops operation, which allows an operator to remove the extra buildup. *Id*. On March 30, 2023, Mr. Atanacio was operating the CEMAKS thermoforming machine, when a plastic build up triggered the alarm. *Id*. at ¶ 11. Mr. Atanacio alleges that he went into the machine to clean the plastic build up, when the machine suddenly and without warning reactivated, causing the machine to clamp down, and heat seal his right hand to approximately 120 degrees for nearly two minutes. *Id*. Mr. Atanacio was unable to free his hand from the heated clamp, and co-workers had to come to his aide to use crowbars to pry the clamp off his hand. *Id*. at ¶ 12. As a result of his hand being sealed and his co-workers' efforts to free him from the clamp, Mr. Atanacio alleges that he has suffered painful permanent, debilitating injuries. *Id*. at ¶¶ 13, 17, 24, 30.

Further, Mr. Atanacio claims that he has undergone and will continue to undergo extensive medical treatment. *Id*. at ¶¶ 17, 24, 30. Mr. Atanacio alleges that he lost the full use of his hand. *Id*. at ¶¶ 17, 24, 30. Plaintiff Lourdes Castillo Valentin, the wife of Plaintiff Gilberto Atanacio, claims that she has incurred expenses for the treatment of her husband's injury and further, as a result of the negligence of the named Defendants, has suffered and will continue to suffer the loss of the services, support, and consortium of her spouse, Plaintiff Gilberto Atanacio. *Id*. at ¶¶ 35-36.

CEMAKS removed this action to our Court on July 25, 2025, under 28 U.S.C. § 1332(a) alleging that complete diversity of citizenship exists between the parties, and the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs. ECF No. 1.

CEMAKS states that on or about April 18, 2025, Celeste Ingalls/Crowe Foreign Service served them with a copy of the Notice to Defend and the Complaint; however they allege that this service was improper pursuant to the Hague Convention, as there is no indication that Celeste Ingalls/Crowe Foreign Service was authorized to be a forwarding authority pursuant to the Hague Convention. ECF No. 1. at p. 2. Therefore, CEMAKS argues that due to Plaintiffs failure to properly serve them, removal is timely pursuant to 28 U.S.C. § 1446(b).

Plaintiffs filed the present Motion to Remand on August 15, 2025. ECF No. 13. In this Motion, Plaintiffs argue that Defendants removal is untimely, as it is outside the 30-day window required by 28 U.S.C. § 1446(b), specifically alleging that they did not remove until July 25, 2025, ninety-eight days after receipt of the Complaint, and sixty-five days after certified completion of service. ECF No. 13. Plaintiffs further argue that service was proper for several reasons. ECF No. 13. First, Plaintiffs argue that Article 3 expressly allows service to be done according to Fed. R. Civ. P. 4, which authorizes service by "'any person who is at least 18 years old and not a party'" and even more broadly, Pa. R. C.P. 404, which allows "service outside the Commonwealth in the manner provided by treaty, which includes using a process server to prepare and transmit Hague Convention requests." ECF No. 13 at p. 3. Second, Plaintiffs allege that CEMAKS' ignores the fact that the Turkish Ministry of Justice accepted the request, processed it, and issued an official Hague Certificate on May 21, 2025, attesting that the documents were served on April 18, 2025. ECF No. 13 at p. 3. Third, Plaintiff informs this Court that previously a federal court in Texas has explicitly recognized Crow Foreign Services as a competent transmitting authority under Article 3. ECF No. 13 at 3-4. Fourth, Plaintiffs contend that CEMAKS' "hypertechnical objection is directly at odds with the purpose of the Hague Convention." ECF No. 13 pp. at 4-5. Finally,

Plaintiffs point to Celeste Ingalls declaration as proof that Crowe was a proper transmitter under Untied States law. ECF No. 13 at p. 5.

### III.    LEGAL STANDARD

A civil action brought in a state court may be removed to the district court in the district where the state action is pending if the district court had original jurisdiction over the case. *See* 28 U.S.C. § 1441(a). District courts have original jurisdiction of all civil actions where the parties are completely diverse and the amount in controversy exceeds $75,000. *See id.* § 1332(a). Under 28 U.S.C. § 1446(b)(1) the notice of removal, "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."

### IV.    DISCUSSION

#### a.  Service Was Proper Under America's Hague Service Requirements.

In opposing Plaintiffs' Motion to Remand, CEMAKS alleges that removal was timely and proper due to Plaintiffs' failure to properly serve them pursuant to the Hague Convention. Specifically, CEMAKS argues that the United States requires, under Article 3 of the Hague Convention, "[t]he persons and entities within the United States competent to transmit service requests abroad pursuant to Article 3 include any court official, any attorney, or any other person or entity authorized by the rules of the court," and because Plaintiffs hired Crowe (a private process server) and Celeste Ingalls (its employee), this requirement was not met as neither is an attorney or clerk of court. *See* ECF No. 15 at pp. 5-6.

Defendants are mistaken. Ms. Ingalls is authorized to effectuate service under Article 3 of the Hague Convention. In fact, the United States Department of Justice, Civil Division recently stated that "[u]nder U.S. law, additional persons and entities within the United States competent to transmit service requests abroad pursuant to Article 3 include any court official and ***any other person or entity, such as process servers,*** authorized by the rules of the adjudicating court." U.S. Department of Justice,

4

Civil Division, *Attorneys as Competent Forwarding Authorities under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters Pursuant to U.S. Law*, https://www.justice.gov/civil/media/1414296/dl?inline (last visited October 20, 2025) (emphasis added).

Additionally, while case law in the Eastern District of Pennsylvania is lacking, a recent decision in 2022 in the Southern District of California is instructive. In *Study Smarter LLC v. StudySmarter* UG, No. 22CV471-LL-BGS, 2022 WL 2670649 (S.D. Cal. July 11, 2022), the Court found that the same individual at issue here, Celeste Ingalls, from Crowe Foreign Services, was authorized to effectuate service through Germany's Central Authority without a court order because "[c]ounsel for Plaintiff, agents of CFS, ***or any other individual meeting the requirements of Rule 4(c) of the Federal Rules of Civil Procedure***, may proceed through [the] Central Authority. . . ." *id.* at *2 (emphasis added); s*ee also Marschhauser v. Travelers Indem. Co.*, 145 F.R.D. 605, 608-09 (S.D. Fla. 1992) (applying Article 3 by reference to Rule 4(c)(2)). Here, Ms. Ingalls was authorized under Rule 4(c)(2) to effectuate service, as she is at least 18 years old, and not a party to this matter. Therefore, service was proper under America's Hague Service requirements.

### b. Service Was Proper Under Turkey's Hague Service Requirements.

Further, Defendants claim that the service of process failed to meet Turkey's Hague Service requirements, specifically arguing that the request form must be executed by "either an attorney or clerk of court" in the United States. ECF No. 15 at p. 6. However, this argument is unpersuasive. In *Study Smarter LLC*, the Court permitted Ms. Ingalls to effectuate service on Germany's Central Authority, which has an identical requirement to Turkey. *See Study Smarter LLC*, 2022 WL 2670649, at *2. Because Germany's requirements for the request form's signatory are identical to Turkey's, this Court sees no reason to deviate from the precedent established in *Study Smarter LLC*.

### c. Defendants Removal is Untimely.

As service was proper in accordance with both America's and Turkey's Hague Service requirements, removal must have been filed within thirty days after the defendant received a copy of the initial pleadings. *See* 28 U.S.C. § 1446(b)(1). Because Defendants initiated removal ninety-eight days after receiving the Complaint, and sixty-five days after certified service completion, Defendants' removal is untimely. ECF No. 13 at p. 1.

V.     **CONCLUSION**

The Court finds that Plaintiffs' service under the Hague Convention was proper and thus Defendants' removal is untimely. Plaintiffs' Motion (ECF No. 13) is granted. An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge